IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMIE GROSE**                                                        **PLAINTIFF**

**V.**                                        **NO. 3:21-CV-124-DMB-RP**

**LIFE INSURANCE COMPANY**
**OF THE SOUTHWEST, et al.**                                    **DEFENDANTS**

## ORDER

On April 14, 2021, Jamie Grose filed a complaint in the Circuit Court for Union County, Mississippi, against Life Insurance Company of the Southwest ("LSW"), John Larry Nowlin, and "John Does 1-4." Doc. #2. On June 15, 2021, alleging diversity jurisdiction and improper joinder, LSW removed the case to the United States District Court for the Northern District of Mississippi. Doc. #1.

On August 31, 2021, Grose, with this Court's leave,[1] filed an amended complaint alleging claims of unfair trade practices, negligence, and intentional misrepresentation, and seeking declaratory relief along with compensatory and punitive damages. Doc. #24. Two weeks later, LSW moved to dismiss Grose's negligence and unfair trade practices claims in the amended complaint. Doc. #25. On November 18, 2021, again with this Court's leave,[2] Grose filed a second amended complaint alleging claims of "respondent superior," negligence, and intentional misrepresentation. Doc. #48. LSW moved to dismiss Grose's negligence and intentional misrepresentation claims in the second amended complaint. Doc. #53.

As the first amended complaint has been superseded by the second amended complaint,

---

[1] Doc. #23.

[2] Doc. #47.

LSW's first motion to dismiss is now moot and will be denied as such. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

LSW's second motion to dismiss will be denied for failure to comply with this Court's Local Rules[3] because it includes legal argument and exceeds four pages. *See* Doc. #53; L.U. Civ. R. 7(b)(2)(B) ("Other than discovery motions under Rule 37, a motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority."). And also contrary to the Local Rules, LSW failed to file a memorandum brief in support of its motion. *See* L.U. Civ. R. 7(b)(4) ("[C]ounsel for movant *must* file a memorandum brief in support of the motion.") (emphasis added).

For these reasons, LSW's first motion to dismiss [25] is **DENIED as moot**. Its second motion to dismiss [53] is **DENIED without prejudice**. Within seven (7) days of the entry of this order, LSW may refile its motion to dismiss in compliance with the Local Rules. If refiled, no new bases or arguments for dismissal may be raised.

**SO ORDERED**, this 28th day of February, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] LSW's first motion to dismiss violates the Local Rules the same way its second motion to dismiss does so, alternatively, would be denied for the same reasons.